```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

LARRY WAYNE MITCHELL, JR.,

    Petitioner,

v.                         Case No: 2:14-cv-102-FtM-29MRM

SECRETARY, DOC and FLORIDA ATTORNEY GENERAL,

    Respondents.

_____

## OPINION AND ORDER

Petitioner Larry Wayne Mitchell ("Petitioner" or "Mitchell"), initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") on February 17, 2014.[1] Pursuant to the Court's Order to respond and show cause why the Petition should not be granted (Doc. #12), Respondent filed a Limited Response (Doc. #15, Response) on July

---

[1]The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

20, 2015, incorporating a motion to dismiss the Petition on the grounds that the Petition is time-barred pursuant to 28 U.S.C. § 2244(d).[2] Respondent submits exhibits (Exhs. A1-J8) in support of the Response. See Appendix of Exhibits (Doc. #17). Petitioner

---

[2]On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

filed a Reply to the Response (Doc. #18, Reply). For the reasons that follow, the Court finds the Petition is due to be dismissed as time-barred.

Mitchell challenges his May 6, 2003 conviction of manslaughter and attempted robbery with a firearm resulting in death entered by the Twentieth Circuit Court, Lee County, Florida (case number 01-cf-3525). Mitchell was sentenced to 15 years on the manslaughter conviction and life on the attempted robbery conviction under Florida's 10/20/life statute. Response at 1; Exh. A1-A2. Mitchell's sentences and conviction were *per curiam* affirmed on direct appeal on **July 23, 2004.** Exh. B6. Consequently, Mitchell's state conviction became final on **Thursday, October 21, 2004.** See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after entry of the judgment or order sought to be reviewed).[3] This was <u>after</u> the April 24, 1996, effective date of the AEDPA. Thus, Petitioner's one-year time period for filing a federal habeas

---

[3] A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

challenging his conviction expired on **Friday, October 21, 2005.**[4] Consequently, the Petition filed in this Court on February 17, 2014, would be untimely, unless Petitioner availed himself of one of the statutory provisions that extends or tolls the time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, **158 days** of the federal limitations period elapsed before Petitioner filed his first state post-conviction motion - - a motion pursuant to Florida Rule of Criminal Procedure 3.850 filed on **March 29, 2005**. See Exh. C1. The AEDPA clock stopped and the time remained tolled until the appellate court issued mandate on **September 24, 2008**. Exh. D5.

Another **84 days** ran until Mitchell filed his first, properly filed postconviction motion under Florida Rule of Criminal Procedure 3.800(a) on **December 18, 2008**. Mitchell's Rule 3.800(a) motion remained pending until mandate issued on March 14, 2012. The AEDPA clock resumed ticking on March 15, 2012 and expired in July of 2012.

Mitchell filed various postconviction motions between March 15, 2012 and the date he filed the instant federal petition

---

[4]Applying "anniversary date of the triggering event." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

(February 17, 2014), but the AEDPA clock was not tolled because these motions were not filed "properly." Mitchell's untimely and successive Rule 3.850 motions filed on February 3, 2010 (Exh. H1), and October 17, 2011 (Exh. I1), did not toll the AEDPA clock because the state court expressly denied both as untimely. Exhs. H2, I2. "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Allen v. Siebert, 552 U.S. 3, 7 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408 (2005)). Even if Mitchell somehow garnered tolling from these improperly filed postconviction motions, he then waited over a year to file his petition for belated discretionary review with the Florida Supreme Court (Exh. J7) from the date the appellate court denied relief on an untimely and successive postconviction motion. See Response at 9-10 (citing Exh. J2, J3, J4, J6, J7). Thus, the instant Petition must be dismissed as untimely.

Petitioner argues that the Petition is not untimely because he has proof that the Assistant State Attorney was not qualified to be a state attorney. Reply at 2. Additionally, Petitioner asserts that "if the evidence would have been presented to the juror, they would not have convicted him." Id. Petitioner fails to reference any specific evidence, however. Id.

Under § 2244(d)(1)(D), the one-year limitations period may run from the date on which, as a result of exercising due

diligence, the petitioner could have discovered the factual predicate of the claim or claims presented. 28 U.S.C. § 2244(d)(1)(D). Petitioner's arguments generally referring to "evidence" are unavailing. None of the arguments Petitioner raises actually involve new evidence to trigger a later start date for the one-year limitations period.

Further, Mitchell is not entitled to equitable tolling as discussed in Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal quotations and citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565. Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). The petitioner bears the burden of establishing that equitable tolling applies. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). Mitchell does not make such a showing.

Based upon the foregoing, the Court finds the Petition is time-barred and finds Petitioner has not demonstrated a justifiable reason why the dictates of the one-year limitations

period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The § 2254 Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED,** with prejudice, as time-barred.

2. The **Clerk of Court** shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S.

322, 335-36 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this   23rd   day of January, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: ftmp-1
Copies: All Parties of Record